UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMEAD HOLMES,<br><br>             Plaintiff,<br><br>   v.<br><br>JAMES HORG, et al.,<br><br>            Defendants. | Case No. 1:24-cv-01573-JLT-EPG<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED WITHOUT PREJUDICE BASED ON (1) LACK OF SUBJECT-MATTER JURISDICTION; AND (2) THE *YOUNGER* ABSTENTION AND *ROOKER-FELDMAN* DOCTRINES<br><br>(ECF No. 1).<br><br><u>OBJECTIONS, IF ANY, DUE WITHIN THIRTY (30) DAYS</u> |

      Plaintiff Damead Holmes proceeds *pro se* and *in forma pauperis* in this civil action. (ECF Nos. 1, 3). Generally, Plaintiff seeks a temporary restraining order under a federal criminal statute in connection with a dispute involving board members of his church. However, because (1) the criminal statute that Plaintiff relies on to establish the Court's jurisdiction fails to support any private right of action and (2) there are ongoing state court proceedings relating to the events mentioned in the complaint, the Court will recommend that this case be dismissed without prejudice and without leave to amend based on lack of subject-matter jurisdiction and the *Younger* abstention and *Rooker-Feldman* doctrines.[1]

---

[1] *See Younger v. Harris*, 401 U.S. 37 (1971); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983).

1

## I.  SCREENING REQUIREMENT

Because Plaintiff is proceeding *in forma pauperis* (ECF No. 3), the Court screens the complaint under 28 U.S.C. § 1915(e)(2)(B)(i-iii), which directs the Court to dismiss a case at any time if the Court determines that it is frivolous or malicious, fails to state a claim, or seeks relief against an immune defendant. Likewise, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (citation and quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

## II.  SUMMARY OF THE COMPLAINT

Plaintiff lists four Defendants: (1) former Board Member Patrick McKendrick; (2) former Board Member James Horg; (3) Church Clerk Sarah Mejia; and (4) former Treasurer David Ferry.

As for the basis of federal question jurisdiction, Plaintiff lists 18 U.S.C. § 1514, which permits a district court, in limited circumstances discussed below, to "issue a temporary restraining order prohibiting harassment of a victim or witness in a Federal criminal case." 18 U.S.C. § 1514(a)(1). For his factual allegations, Plaintiff refers to an email attached to his complaint, which states as follows:

> On October 27, 2023, while fulfilling my duties as a pastor at United Christian Church, I was physically assaulted by former board member James Horg. Horg, dissatisfied with his removal from the board, and another individual, Patrick McKendrick, resisted the peaceful transition of the church's governance. During the encounter, Horg threatened and harassed me and our congregation. In an effort to defend myself from Horg's aggression, I reacted in self-defense. Simultaneously, McKendrick threatened me with a firearm.
>
> In the aftermath, Horg alleged that I had deliberately assaulted him, using his injuries to manipulate a restraining order against me. This has hindered my ability to fulfill my responsibilities to the church. Both Horg and McKendrick engage in business under the name of United Christian Church, despite not representing the church itself; they are effectively "squatting" on the church's identity. They continue to use the Secretary of State illegally to change the board of directors, undermining the legitimate governance of the church.
>
> Their actions have involved harassment and intimidation, weaponizing the situation against me. I previously sought help from OSHA and consulted with legal counsel, but the circumstances have been used as a means of harassment, damaging my career and ministry.
>
> The restraining orders currently in place Horgs against me. And mines against Mckendricks does not keep them from the church property. They are growing in violence and irrational thinking.

(ECF No. 1, p. 7).

As for relief, Plaintiff states that he wants a temporary restraining order "until hearing to regain the Church Board's access to our sanctuary." (*Id.* at 6) (minor alterations for readability).

### III.  LACK OF SUBJECT-MATTER JURISDICTION

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "Article III, § 2, of the Constitution delineates [t]he character of the controversies over which federal judicial authority may extend. And lower federal-court jurisdiction is further limited to those subjects encompassed within a statutory grant of jurisdiction.  Accordingly, the district courts may not exercise jurisdiction absent a statutory basis." *Home Depot U. S. A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019) (alteration in original) (citations and internal quotation marks omitted).

> In 28 U.S.C. §§ 1331 and 1332(a), Congress granted federal courts jurisdiction over two general types of cases: cases that aris[e] under federal law and cases in which the amount in controversy exceeds $ 75,000 and there is diversity of citizenship among the parties.  These jurisdictional grants are known as federal-question jurisdiction and diversity jurisdiction, respectively. Each serves a distinct purpose: Federal-question jurisdiction affords parties a federal forum in which to vindicate federal rights, whereas diversity jurisdiction provides a neutral forum for

3

parties from different States.

*Id.* (alteration in original) (citations and internal quotation marks omitted). A plaintiff "properly invokes" subject-matter jurisdiction under § 1331 when he "pleads a colorable claim arising under the Constitution or laws of the United States." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006) (internal quotation marks and citation omitted).

Here, Plaintiff's principal allegations are that he was harassed and threatened by Defendants Horg and McKendrick in connection with board proceedings involving his church and Horg improperly obtained a restraining order against him that apparently prevents Plaintiff from accessing the church.

As for the basis for federal question jurisdiction, Plaintiff cites 18 U.S.C. § 1514. Presumably, Plaintiff intends to rely on the following provision of the statute:

> A United States district court, upon application of the attorney for the Government, shall issue a temporary restraining order prohibiting harassment of a victim or witness in a Federal criminal case if the court finds, from specific facts shown by affidavit or by verified complaint, that there are reasonable grounds to believe that harassment of an identified victim or witness in a Federal criminal case exists or that such order is necessary to prevent and restrain an offense under section 1512 of this title, other than an offense consisting of misleading conduct, or under section 1513 of this title.

18 U.S.C. § 1514(a)(1).

However, Plaintiff's reliance on this statute is not proper because it does not confer a private right of action necessary to establish subject-matter jurisdiction over this case. As a general matter, "unless a specific statute provides for a private right of action, courts have found that violations of Title 18 are properly brought by the United States government through criminal proceedings and not by individuals in a civil action." *Banuelos v. Gabler*, No. 1:18-CV-00675-LJO-SAB, 2018 WL 2328221, at *3 (E.D. Cal. May 22, 2018).

Here, the statute provides that an "attorney for the Government" may apply for a temporary restraining order prohibiting harassment of a victim or witness in a federal criminal case. The statute does not confer a right on a private individual, like Plaintiff, to apply for a temporary restraining order. Accordingly, courts that have addressed this provision have concluded that it does not confer a private right of action. *See Ronet v. Reeder*, No. CV-24-01843-PHX-DWL, 2024 WL 3848430, at *3 (D. Ariz. Aug. 16, 2024) (finding no basis for civil

claim at screening stage based on 18 U.S.C. § 1514); *Smith v. Emps.*, No. 3:17-CV-04421, 2018 WL 4381277, at *3 (S.D.W. Va. Feb. 14, 2018), *report and recommendation adopted*, 2018 WL 3493082 (S.D.W. Va. July 20, 2018) ("Although 18 U.S.C. § 1514 addresses harassment, it is essentially a criminal statute with no associated private cause of action."); *McClure v. Menard Corr. Ctr.*, No. 11-CV-984-JPG, 2012 WL 3062235, at *4 (S.D. Ill. July 26, 2012) ("First, 18 U.S.C. § 1514 provides a mechanism for protecting a victim or witness in a Federal criminal case, not a civil rights action.").

In short, because 18 U.S.C. § 1514 provides no private right of action, the complaint fails to identify a sufficient basis for the Court to exercise jurisdiction based on any federal question. There being no other basis for jurisdiction over a cognizable legal claim implicated by the complaint, the Court concludes that Plaintiff has failed to establish subject-matter jurisdiction over this case.

### IV. *YOUNGER* ABSTENTION AND *ROOKER-FELDMAN*

#### A. Legal Standards

Two doctrines prevent a federal court from interfering with state court proceedings. The first is a doctrine called *Younger* abstention, which is rooted in the "desire to permit state courts to try state cases free from interference by federal courts." *Younger v. Harris*, 401 U.S. 37, 43 (1971). Thus, "[a]bsent extraordinary circumstances, interests of comity and federalism instruct federal courts to abstain from exercising our jurisdiction in certain circumstances when asked to enjoin ongoing state enforcement proceedings." *Page v. King*, 932 F.3d 898, 901 (9th Cir. 2019) (alterations, citation, and internal quotation marks omitted).

> *Younger* abstention is appropriate when: (1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding.

*Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (alterations, citation, and internal quotation marks omitted).

Typically, dismissal is required for *Younger* abstention. *Aiona v. Judiciary of State of Hawaii*, 17 F.3d 1244, 1248 (9th Cir. 1994) (holding that, when abstaining under *Younger*, "a district court must dismiss the federal action . . . [and] there is no discretion to grant injunctive

5

relief") (citation and internal quotation marks omitted). But "federal courts should not dismiss actions where damages are at issue; rather, damages actions should be stayed until the state proceedings are completed." *Gilbertson v. Albright*, 381 F.3d 965, 968 (9th Cir. 2004). Lastly, "Federal courts will not abstain under *Younger* in extraordinary circumstances where irreparable injury can be shown." *Page*, 932 F.3d at 902 (citation and internal quotation marks omitted). "[B]ad faith and harassment" are "the usual prerequisites" to show "the necessary irreparable injury." *Younger*, 401 U.S. at 53.

The next doctrine is known as the *Rooker-Feldman* doctrine, which "takes its name from two Supreme Court cases: *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983)." *Carmona v. Carmona*, 603 F.3d 1041, 1050 (9th Cir. 2010). Under this doctrine, lower federal courts lack subject matter jurisdiction in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the [federal] district court proceedings commenced and inviting [federal] district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). "The purpose of the doctrine is to protect state judgments from collateral federal attack. Because district courts lack power to hear direct appeals from state court decisions, they must decline jurisdiction whenever they are 'in essence being called upon to review the state court decision.'" *Doe & Associates Law Offices v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2001) (*citing Feldman*, 460 U.S. at 482 n.16).

**B.      Analysis**

It appears from the face of the complaint that Plaintiff desires to challenge actions related to either ongoing or past California state court matters. Specifically, Plaintiff states that Horg has "a restraining order against" him, which the Court presumes is based on California law as that is the only apparent authority that would permit a restraining order under these circumstances. Likewise, Plaintiff states that he has a restraining order against McKendrick.

Plaintiff appears to ask the Court to become involved in one or both of the restraining orders, as he requests a temporary restraining order "until hearing to regain the Church Board's access to our sanctuary," which indicates that Plaintiff is unable to access his church because of a

6

1 California restraining order issued against him.

2 Notably, in analogous circumstances, courts have concluded that plaintiffs were improperly trying to obtain federal court intervention in state court matters. *See Malberg v. McCracken*, No. 5:22-CV-01713-EJD, 2023 WL 2769095, at *4 (N.D. Cal. Mar. 31, 2023) ("For the purposes of the second *Rooker-Feldman* element, it is difficult to envision a clearer example of a plaintiff attempting to blatantly end run an adverse state court judgment. Several federal courts in California have also used the *Rooker-Feldman* doctrine to dismiss complaints with remarkably similar allegations challenging California domestic violence restraining orders."); *Ervin v. California*, No. 3:18-CV-00442-GPC-RBB, 2018 WL 3375058, at *4 (S.D. Cal. July 11, 2018) ("Essentially, plaintiff is asking this court to overturn the state court's order issuing the protective order and the gun prohibition, making this a de facto appeal of the state court order that is prohibited under the *Rooker-Feldman* doctrine."); *Steinmetz v. Steinmetz*, No. CIV 08-0629 JB/WDS, 2008 WL 5991009, at *10 (D.N.M. Aug. 27, 2008) (dismissing complaint under *Younger* abstention due to ongoing state-court domestic violence, divorce, and custody proceedings).

Accordingly, to the extent that Plaintiff seeks federal intervention in any state court proceedings, the *Younger* abstention and *Rooker-Feldman* doctrines prohibit such relief under these circumstances.

## V.     CONCLUSION AND RECOMMENDATIONS

"Although leave to amend a deficient complaint shall be freely given when justice so requires, Fed.R.Civ.P. 15(a), leave may be denied if amendment of the complaint would be futile." *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citation omitted). Here, the only basis asserted in the complaint for jurisdiction, 18 U.S.C. § 1514, fails. Likewise, Plaintiff's claims involve intervention in state court matters in violation of the *Younger* abstention and *Rooker-Feldman* doctrines. Under such circumstances, granting leave to amend would be futile.

Based on the above discussion, IT IS RECOMMENDED as follows:

1. This case be dismissed without prejudice and without leave to amend based on lack of subject-matter jurisdiction and the *Younger* abstention and *Rooker-Feldman* doctrines.

2. The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **January 8, 2025**                        /s/ Erica P. Grosjean
                                                                    UNITED STATES MAGISTRATE JUDGE

8