UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMEAD HOLMES,<br><br>        Plaintiff,<br><br>    v.<br><br>JAMES HORG, et al.,<br><br>        Defendants. | Case No.: 1:24-cv-1573 JLT EPG<br><br>ORDER ADOPTING IN FULL THE FINDINGS AND RECOMMENDATIONS, DISMISSING THE ACTION WITHOUT PREJUDICE, AND DIRECTING THE CLERK OF COURT TO CLOSE THIS CASE<br><br>(Doc. 5) |

Damead Holmes, a pastor at Unified Christian Church, asserts that he was physically assaulted by a church board member and other church leaders "resisted the peaceful transition of the church's governance." (Doc. 1 at 7.) The magistrate judge screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), because Plaintiff is proceeding *in forma pauperis* with this action. (Doc. 5 at 2.)

The magistrate judge observed that through the complaint, Plaintiff sought a temporary restraining order against the defendants and indicated this Court has jurisdiction based upon 18 U.S.C. § 1514. (Doc. 5 at 4; *see also* Doc. 1 at 4.) The magistrate judge determined that "Plaintiff's reliance on this statute is not proper because it does not confer a private right of action necessary to establish subject-matter jurisdiction over this case." (*Id.*) In addition, because Plaintiff asserted that one of the defendants had a restraining order against him, the magistrate judge found "to the extent that Plaintiff seeks federal intervention in any state court proceedings, the *Younger* abstention and *Rooker-Feldman* doctrines prohibit such relief under these circumstances." (*Id.* at 7; *see also id.* at 5-7.) Therefore, the

magistrate judge recommended the Court dismiss the action without prejudice and without leave to amend due to the lack of jurisdiction "and the *Younger* abstention and *Rooker-Feldman* doctrines." (*Id.* at 7-8.)

The Court served the Findings and Recommendations on Plaintiff and notified him that any objections were due within 30 days. (Doc. 5 at 8.) The Court advised him that the "failure to file objections within the specified time may result in the waiver of rights on appeal." (*Id.*, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014).) Plaintiff did not file objections, and the time to do so has passed.

According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis. Thus, the Court **ORDERS**:

1. The Findings and Recommendations dated January 8, 2025 (Doc. 5) are **ADOPTED** in full.
2. The action is **DISMISSED** without prejudice.
3. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: **February 18, 2025**

UNITED STATES DISTRICT JUDGE

2